UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **TROY MIGUEL ROY** | **CIVIL ACTION NO. 09-1677** |
| **LA. DOC #173235** | |
| **VS.** | **SECTION P** |
| | **CHIEF JUDGE JAMES** |
| **CAPTAIN McMURRAY, ET AL.** | **MAGISTRATE JUDGE HAYES** |

**REPORT AND RECOMMENDATION**
**(Recommending Dismissal of Plaintiff's Claims Against the F.P.D.C. and Kirk Derouen)**

Proceeding *pro se* and *in forma pauperis*, plaintiff Troy Miguel Roy filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 22, 2009. Plaintiff is a pre-trial detainee who is incarcerated at the Franklin Parish Detention Center (FPDC), Winnsboro, Louisiana. He complains that he was housed with and beaten by an LDOC inmate on June 13, 2009. Plaintiff sued the FPDC, Captain Gerald McMurray, and Kirk Derouen, the LDOC inmate who assaulted him, praying for compensatory and punitive damages. In an amended complaint he named the Sheriff of Franklin Parish as a defendant.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that his claims against inmate Kirk Derouen and the FPDC be **DISMISSED WITH PREJUDICE.**

*Background*

Plaintiff is a detainee at the FPDC awaiting trial on unspecified charges. On some unspecified date in May, 2009 Captain McMurray transferred plaintiff to D-Dorm, a unit housing

LDOC convicts. Plaintiff objected and advised McMurray that Kirk Derouen, an LDOC convict who was housed in D-Dorm, was his enemy. On June 13, 2009, plaintiff was assaulted by Derouen. Plaintiff sustained a broken jaw and a fractured leg. Plaintiff and Derouen were both charged with disciplinary rules violations. Plaintiff filed administrative procedure grievances seeking compensation for his injuries. His grievances were denied. This suit followed.

On December 21, 2009, the undersigned completed an initial review and advised plaintiff that his claims against Derouen and FPDC would be dismissed because Derouen is not a "state actor" and FPDC is not a juridical person capable of being sued. Plaintiff amended his complaint but did not dismiss these defendants. Instead, he alleged fault on the part of the Sheriff of Franklin Parish. [Doc. 9]

*Law and Analysis*

*1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the

court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

## 2. FPDC – Juridical Entity

Plaintiff has named the FPDC as a defendant; however, the FPDC is not a juridical entity capable of being sued. Fed. R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether this corrections facility has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes

personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24.  FPDC is a parish corrections facility operated by the sheriff of Franklin Parish. [Compare La. Atty. Gen. Op. No. 03-0437, 2003 WL 23146623; see also, *Langley v. City of Monroe*, 582 So.2d 367 (La. App. 2d Cir. 1991) and La. R.S.15:702 (The parish governing authority is charged with the duty to provide a good and sufficient jail and to provide for the physical maintenance of parish jails and prisons; however, the administration of such jails is within the province of the sheriff who has the duty of operating the jail and insuring that prisoners are properly cared for, fed and clothed.)].

Plaintiff's claims against FPDC must be dismissed as frivolous.

### 3. Kirk Derouen – "State Actor"

Plaintiff has also sued his assailant, Kirk Derouen, but this defendant was not a "state actor" and plaintiff's claim against him under §1983 is likewise subject to dismissal as frivolous. To prevail on a civil rights claim an inmate must prove that he was deprived, under color of law, of rights, privileges, or immunities secured by the United States Constitution and laws. 42 U.S.C. § 1983; *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir.1995). Under the "color of law" requirement, the defendants in a § 1983 action must have committed the complained-of acts in the course of their performance of duties and have misused power that they possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *United States v. Classic*, 313 U.S. 299, 325 (1941); *Screws v. United States*, 325 U.S. 91, 110 (1944)(plurality opinion). Plaintiff sues a fellow FPDC inmate named Kirk Derouen. Plaintiff has not shown, nor can he show, that Mr. Derouen was a state actor or that he was acting under color of law at the time he assaulted plaintiff.  Thus, although plaintiff may have a state law cause of action in tort that could be filed in state court against Mr. Derouen, his claims

against Derouen in this action must also be dismissed as frivolous.

### *3. Conclusion and Recommendation*

As noted above, plaintiff's claims of deliberate indifference with regard to Gerald McMurray and the Sheriff should survive this initial review. In a separate order issued this date, the undersigned has authorized service of process on those defendants. However, as shown above, plaintiff's claims against FPDC and Kirk Derouen must be dismissed.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint against the following defendants:

    a. Franklin Parish Detention Center and

    b. Kirk Derouen,

be **DISMISSED WITH PREJUDICE** as frivolous.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See**

*Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, February 11, 2010.

                                            KAREN L. HAYES
                                          U. S. MAGISTRATE JUDGE