UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION


TROY MIGUEL ROY                          CIVIL ACTION NO. 09-cv-1677

VERSUS                                   JUDGE JAMES

FRANKLIN PARISH DETENTION                MAGISTRATE JUDGE HORNSBY
CENTER, ET AL


**REPORT AND RECOMMENDATION**

**Introduction**

Troy Miguel Roy ("Plaintiff") filed this civil rights action regarding events that occurred while he was a pretrial detainee housed at the Franklin Parish Detention Center. Plaintiff alleges that Captain Gerald McMurray, in violation of a DOC rule, placed Plaintiff in a dorm that housed convicted DOC inmates. Plaintiff alleges that he specifically informed Captain McMurray more than once that Kirk Derouen, who was a convicted prisoner housed in that dorm, was an enemy. Plaintiff alleges that Derouen later attacked him, causing a broken jaw and a fractured leg.

A prior order (Doc. 17) dismissed the claims against the Detention Center and inmate Derouen. The two remaining defendants, Captain McMurray and Sheriff Steve Pylant, now present a Motion for Summary Judgment (Doc. 24) that requests dismissal of all remaining claims. It is recommended, for the reasons that follow, that the motion be granted and all remaining claims be dismissed.

**Failure to Protect**

The constitutional rights of a pretrial detainee flow from the due process guarantees of the Fourteenth Amendment.  Hare v. City of Corinth, 74 F.3d 633, 639 (5th Cir. 1996). When a pretrial detainee brings a failure to protect claim that is directed toward a particular incident, as opposed to a claim directed at overall conditions of confinement, the claim is properly analyzed under the same Eighth Amendment legal standards that apply to claims made by convicted inmates. Hare, 74 F.3d at 645-46.  "[T]he State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including medical care and protection from harm, during their confinement." Id. at 650.

Prison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other prisoners.  Farmer v. Brennan, 114 S.Ct. 1970 (1994); Horton v. Cockrell, 70 F.3d 397, 400-01 (5th Cir.1995).  However, not every injury "by one prisoner at the hands of another ... translates into constitutional liability for prison officials responsible for the victim's safety."  Farmer, 114 S.Ct. at 1977.  To establish a failure-to-protect claim, the plaintiff must show that he was detained "under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." Neals v. Norwood, 59 F.3d 530, 533 (5th Cir.1995). "In order to act with deliberate indifference, the official must both be aware of the facts from which the inference could be

drawn that a substantial risk of serious harm exists, and they must also draw the inference. Id., citing Farmer.

**Summary Judgment Burdens**

Under Fed.R.Civ.P. 56(a), the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is "material" if it might affect the outcome of the suit under governing law.  Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986).  A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party.  Anderson, supra; B & A Pipeline Co. v. Dorney, 904 F.2d 996, 1002 (5th Cir. 1990).

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of genuine issue of material fact. Celotex Corp. v. Catrett, 106 S.Ct. 2548 (1986). If the moving party carries his initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of a genuine dispute of a material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S.Ct. 1348, 1355-56 (1986).

**Analysis**

Plaintiff alleges more than once in his complaint, as amended (Docs. 1, 9, and 13), that he told Captain McMurray that inmate Derouen was Plaintiff's enemy, but McMurray nonetheless placed Plaintiff in the same dorm with Derouen and told him to "live the best

[he] could." The complaint and amendments do not include any specific allegations directed at Sheriff Pylant. Plaintiff merely prays for judgment against Captain McMurray and the Sheriff of Franklin Parish.

The Motion for Summary Judgment filed by McMurray and Pylant directly challenges Plaintiff's allegations. Captain McMurray testifies in an affidavit that he has worked at the Detention Center since 1996. Plaintiff was booked into the Detention Center in February 2009 as a pretrial inmate who had been held in Lafayette Parish. McMurray testifies that several weeks later, in May 2009, inmate Derouen invited Plaintiff to live with him in Dormitory D; Roy accepted the invitation that same day and asked that he be transferred to Derouen's cell. McMurray testifies that Plaintiff did not thereafter request that he be moved to a different dorm, ask for protective custody, tell McMurray that his living arrangement with Derouen placed him in significant risk of harm, or tell McMurray that Derouen was Plaintiff's enemy.

Captain McMurray testifies that in June 2009, one month after Plaintiff and Derouen became cellmates, the two inmates got into an altercation that resulted in Plaintiff sustaining injuries. McMurray investigated the fight. He took written statements from Derouen and three other inmates. All four men stated that the fight happened because Plaintiff lacked personal hygiene and refused to keep his cell clean. Plaintiff had a practice of bringing food from the chow hall and placing it under his mattress. The four witnesses all agreed that Plaintiff initiated the fight by throwing the first punch.

Captain McMurray's affidavit testimony squarely challenged all of the material facts alleged in Plaintiff's complaint. McMurray and Sheriff Pylant, by presenting McMurray's affidavit, met their summary judgment responsibility of informing the court of the basis for their motion. The burden then fell upon Plaintiff to produce an affidavit or other competent summary judgment evidence that would create a genuine dispute about those material facts.

The court issued a Notice of Motion Setting that permitted Plaintiff 21 days, ending December 14, 2010, to file a memorandum in opposition to the Motion for Summary Judgment and attempt to meet his burden.  It is now more than one month past that deadline, and Plaintiff has not filed a memorandum in opposition, or any other item, since the Notice of Motion Setting issued.  Plaintiff has not created a genuine dispute as to any material fact.

The facts presented in Captain McMurray's affidavit do not permit any possibility of a verdict for Plaintiff, so the movants are entitled to judgment as a matter of law.  The mere fact that Plaintiff was a pretrial detainee and was housed with convicted prisoners does not itself give rise to a constitutional claim. Such mixed housing may give rise to due process concerns only if it is handled indiscriminately without justification. Jones v. Diamond, 636 F.2d 1364 (5th Cir. 1981) (en banc); Hall v. St. Tammany Parish, 2010 WL 5558910, *8 (E.D. La. 2010).  The mere fact of mixed housing does not prevent summary judgment for the defendants in a failure to protect case when it is otherwise appropriate under the Farmer v. Brennan standard. See Polk v. Detention Center of Natchitoches Parish, 32 Fed. Appx. 128 (5th Cir. 2002). The summary judgment record shows that the housing arrangement was at

the request of Plaintiff, so there is no need for a trial with respect to this issue. Finally, Plaintiff alleges that the mixed housing violated a DOC rule, but "violations of state law and prison regulations, without more, do not state a viable constitutional claim under § 1983." Sylvester v. Cain, 311 Fed.Appx. 733, *2 (5th Cir.2009) (rejecting claim that prison officials did not follow their own classification procedures).

Accordingly,

**IT IS RECOMMENDED** that the **Motion for Summary Judgment (Doc. 24)** filed by defendants Gerald McMurray and Steve Pylant, Sheriff of Franklin Parish, be **granted** and that all remaining claims in this civil action be **dismissed with prejudice**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court.  See Douglass

v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of February, 2011.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE